UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:16-CV-00382-TBR

DELMAS PHILPOT,                                                                Plaintiff,

v.

MICROBILT CORPORATION,                                                   Defendant.

**MEMORANDUM OPINION AND ORDER**

Delmas Philpot filed this action against MicroBilt Corporation, alleging it violated the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681–1681x, as well as defamed him, by providing an inaccurate consumer report to his prospective employer. Now, MicroBilt moves to dismiss that action pursuant to Federal Rule of Civil Procedure 12(b)(6). It argues that Philpot has not plausibly alleged sufficient facts entitling him to recover under either theory. The Court agrees, though only in part. Accordingly, MicroBilt Corporation's Motion to Dismiss, [R. 6], is **GRANTED IN PART** and **DENIED IN PART**.

**I.**

**A.**

Sometime during 2015, Delmas Philpot applied for a position with the Fenton & McGarvey Law Firm, P.S.C., in Louisville, Kentucky. [R. 1-2 at 3, ¶ 3 (Complaint).] Unfortunately, in February 2016, Fenton & McGarvey notified Philpot via letter that his application had been rejected. [*Id.*, ¶ 4; *see also id.* at 6 (Letter from the Fenton & McGarvey Law Firm).] The letter indicated that Fenton & McGarvey had decided against hiring Philpot based, in part, on information obtained from a consumer report furnished by MicroBilt Corporation. [*Id.* at 3, ¶ 5.] The consumer report purported to

1

contain a summary of Philpot's criminal record, which indicated that he had been the subject of some sort of unspecified criminal charge in North Carolina but offered few, if any, additional details.   [*Id.* at 3–4, ¶¶ 5, 8; *see also id.* at 8 (Criminal National Report).] In point of fact, the criminal charges against Philpot were only for speeding.   [*Id.* at 4, ¶ 8; *see also id.* at 9 (Criminal Citation).]   MicroBilt, however, took no steps to notify Philpot that it had furnished a consumer report containing that information.   [*Id.* at 4, ¶ 6.]

## B.

Philpot filed this action against MicroBilt in Jefferson Circuit Court on May 11, 2016, alleging that MicroBilt had violated 15 U.S.C. § 1681k(a), part of the Fair Credit Reporting Act (FCRA), as well as defamed him, by providing Fenton & McGarvey with an inaccurate and incomplete consumer report.   [*Id.*, ¶¶ 9–12.]   MicroBilt timely removed that action to this Court.   [*See* R. 1 at 1–2, ¶¶ 1–11 (Notice of Removal).]   Now, pursuant to Federal Rule of Civil Procedure 12(b)(6), MicroBilt moves to dismiss Philpot's action. [*See* R. 6 (Motion to Dismiss).]

## II.

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  In order to survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a party must "plead enough 'factual matter' to raise a 'plausible' inference of wrongdoing." *16630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 504 (6th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  A claim becomes plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).  In making that determination, the Court may consider not only the complaint, but also any attached exhibits, provided those exhibits are central to the claims contained in the complaint.  *See Kreipke v. Wayne State Univ.*, 807 F.3d 768, 774 (6th Cir. 2015), *petition for cert. filed*, No. 15-1419 (U.S. May 19, 2016).  Should the well-pleaded facts support no "more than the mere possibility of misconduct," then dismissal is warranted.  *Iqbal*, 556 U.S. at 679.  The Court may grant a motion to dismiss "only if, after drawing all reasonable inferences from the allegations in the complaint in favor of the plaintiff, the complaint still fails to allege a plausible theory of relief."  *Garceau v. City of Flint*, 572 F. App'x 369, 371 (6th Cir. 2014) (citing *Iqbal*, 556 U.S. at 677–79).

### III.

MicroBilt maintains that neither Philpot's claim under the FCRA, nor his common-law claim for defamation, merit relief.  [*See* R. 6-1 at 3–12 (Memorandum in Support).]  Philpot resists that suggestion.  [*See* R. 9 at 6–20 (Response).]  The Court will discuss the viability of those two claims in turn.  Ultimately, while Philpot's claim under the FCRA is plausible, his common-law defamation claim is not.

### A.

The FCRA imposes civil liability on any "consumer reporting agency," or CRA for short, which negligently fails to comply with its obligations under the Act.  15 U.S.C. § 1681o.  Of those many obligations, the one pertinent to this action is found in § 1681k(a). Under that provision, a CRA which furnishes a report containing information likely adverse to a consumer's employment prospects must notify the consumer at the

time the report is furnished, *id.* § 1681k(a)(1), unless it maintains strict procedures designed to ensure that the information reported is complete and up-to-date, *id.* § 1681k(a)(2).

MicroBilt argues that Philpot's claim under § 1681k(a) comes up short for two reasons.  First, Philpot has failed, so MicroBilt says, to plausibly allege that it acted as a CRA within the meaning of the FCRA.  [*See* R. 6-1 at 5–6.]  Second, even if MicroBilt happens to be a CRA, it urges that nothing in the consumer report provided to Fenton & McGarvey was "'likely' to have an adverse effect on . . . Philpot's employment prospects."  [*Id.* at 4.]  Viewing the record in the light most favorable to Philpot, however, the Court disagrees on both points.

**1.**

Under the FCRA, a CRA is defined as

> any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

15 U.S.C. § 1681a(f).[1]  Therefore, an entity is a CRA if "(1) it acts in exchange for compensation of the kind described; (2) it 'regularly' 'assembles' or 'evaluates' information on consumers; (3) its purpose in doing so is to furnish consumer reports; and (4) it utilizes interstate commerce in the preparation or furnishing of a consumer report."

---

[1] A "consumer report," in turn, means "any written, oral, or other communication of any information by a consumer reporting agency bearing on," among other things, a consumer's "character" or "general reputation . . . which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for . . . employment."  15 U.S.C. § 1681a(d)(1)(B).

*Lewis v. Ohio Prof'l Elec. Network LLC*, 190 F. Supp. 2d 1049, 1056 (S.D. Ohio 2002) (quoting 15 U.S.C. § 1681a(f)).

Here, Philpot's complaint plausibly alleges that MicroBilt acted as a CRA when it furnished a report of his criminal record to Fenton & McGarvey.  To be fair, the complaint does recite MicroBilt's status as a CRA in somewhat of a formulaic fashion. [*See* R. 6-1 at 5 (citing R. 1-2 at 3, ¶ 2).]  However, the complaint goes on to discuss how Fenton & McGarvey rejected Philpot's application for employment based, in part, on the criminal history report MicroBilt provided.  [R. 1-2 at 3, ¶ 5.]  Philpot attached that rejection letter from Fenton & McGarvey, [*see id.* at 6], along with a copy of the report MicroBilt transmitted to it, [*see id.* at 7–8], to his complaint.  Drawing all reasonable inferences in Philpot's favor, the complaint, as informed by the attached exhibits, plausibly alleges that MicroBilt acted as a CRA.

**2.**

A CRA's obligations under § 1681k(a), however, only arise where the "matters of public record" reported are "likely to have an adverse effect upon a consumer's ability to obtain employment."  15 U.S.C. § 1681k(a).  To aid in that determination, courts look "at the type of information," not necessarily "at how a particular record affects an individual plaintiff," to see "if it is 'likely' to have the kind of effect that calls § 1681k(a) into play." *Henderson v. Corelogic Nat'l Background Data, LLC*, —— F. Supp. 3d ——, ——, 2016 WL 1574048, at *9 (E.D. Va. 2016).  The "paradigmatic example of information that is 'likely adverse' to a consumer's employment prospects" is "criminal record data."  *Id.* at *10; *accord Brown v. Lowe's Cos.*, 52 F. Supp. 3d 749, 758 (W.D.N.C. 2014); *Farmer v. Phillips Agency, Inc.*, 285 F.R.D. 688, 693–95 (N.D. Ga. 2012); *see also* 15 U.S.C. §

5

1681k(a)(2) (listing, as examples, records "relating to arrests, indictments, convictions, suits, tax liens, and outstanding judgments").

In this case, Philpot's complaint plausibly alleges that the criminal history report MicroBilt furnished was "likely to have an adverse effect upon [his] ability to obtain employment." 15 U.S.C. § 1681k(a). The report, as recited in and attached to the complaint, indicated that Philpot had been the subject of some sort of unspecified criminal charge in North Carolina but offered few, if any, additional details. [*See* R. 1-2 at 4, ¶ 8; *see also id.* at 8.] Certainly, furnishing an incomplete criminal record is "likely" to adversely affect a consumer's chances of gainful employment, perhaps particularly so where, as here, the omitted information reveals a simple traffic offense. *Cf. Serrano v. Sterling Testing Sys., Inc.*, 557 F. Supp. 2d 688, 693 (E.D. Pa. 2008). The complaint plausibly alleges, then, that the information MicroBilt provided was of the sort likely to adversely affect Philpot's employment prospects.

**3.**

Taking all of Philpot's well-pleaded allegations as true, MicroBilt acted as a CRA within the meaning of the FCRA. Likewise, at least at this stage, the consumer report provided to Fenton & McGarvey was likely adverse to Philpot's chances at employment. In sum, Philpot's complaint plausibly states a claim under the FCRA.

**B.**

Next, MicroBilt challenges Philpot's common-law claim for defamation. MicroBilt argues, among other things, that Philpot has not plausibly alleged that it furnished false information with "malice" or "willful intent to injure," as is required for Philpot's defamation claim to escape the reach of 15 U.S.C. § 1681h(e), one of a handful

of preemption provisions in the FCRA . [*See* R. 6-1 at 6–8; R. 11 at 6–7 (Reply).]  Even

affording Philpot the benefit of the doubt, MicroBilt is right.

> Section 1681(h)(e) reads, in pertinent part:

> [N]o consumer may bring any action or proceeding in the nature of defamation . . . with respect to the reporting of information against any consumer reporting agency . . . based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action, based in whole or in part on the report[,] *except as to false information furnished with malice or willful intent to injure* such consumer.

15 U.S.C. § 1681(h)(e) (emphasis added).   A CRA, such as MicroBilt, furnishes

information with "malice" when it provides such information "with knowledge that it was

false or with reckless disregard of whether it was false or not." *Eddins v. Cenlar FSB*,

964 F. Supp. 2d 843, 853 n.6 (W.D. Ky. 2013) (quoting *Stafford v. Cross Country Bank*,

262 F. Supp. 2d 776, 789 n.11 (W.D. Ky. 2003)).   An act is undertaken with "willful

intent" if "knowingly and intentionally committ[ed] . . . in conscious disregard for the

rights of others." *Id.* at 853 n.7 (quoting *Stafford*, 262 F. Supp. 2d at 788).

Here, Philpot's complaint lacks sufficient factual allegations to plausibly suggest

that MicroBilt acted with either malice or with willful intent when it provided Fenton &

McGarvey with the consumer report in question.   In the main, Philpot has not even

alleged, much less plausibly so, that MicroBilt acted with malice or willful intent.  [*See*

R. 1-2 at 4, ¶¶ 7, 11–12.]  "While malice and intent may be alleged generally, *see* Fed. R.

Civ. P. 9(b), they must still be alleged."  [R. 6-1 at 7.]

The closest the complaint comes to alleging malice in any fashion is its

characterization of the consumer report as libelous *per se*.  [*See* R. 1-2 at 4, ¶ 12.]  In a

defamation action under Kentucky law, a statement that is libelous *per se* carries with it

presumption of both malice and damage. *See Toler v. Sud-Chemie, Inc.*, 458 S.W.3d 276,

282 (Ky. 2014), *as corrected* (Ky. Apr. 7, 2015), *and reh'g denied* (Ky. May 14, 2015). Philpot argues that his description of the consumer report as libelous *per se* was "sufficient to put" MicroBilt on notice as to his unpled allegation that MicroBilt "acted with malice or willful intent in issuing" the consumer report to Fenton & McGarvey.  [R. 9 at 14–15.]

The Court is not persuaded.  Even assuming that describing a statement as libelous *per se* is sufficient to allege "malice" generally, that does not necessarily make the allegation plausible too.  Having reviewed the complaint in the light most favorable to Philpot, "his allegations of malice and willful intent," if any, "are too vague and conclusory to state a claim." *Brown v. Wal-Mart Stores, Inc.*, 507 F. App'x 543, 548 (6th Cir. 2012) (citing *Ctr. For Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 377 (6th Cir. 2011)).  Accordingly, Philpot's claim for defamation falls short of § 1681h(e)'s bar.

## IV.

**IT IS HEREBY ORDERED** that MicroBilt Corporation's Motion to Dismiss, [R. 6], is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that a Telephonic Scheduling Conference is **SET** for **January 11, 2017, at 3:00 p.m. EST**.  The Court shall place the call to counsel.

**IT IS SO ORDERED.**

Date:

cc:     Counsel of Record